# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:08-CR-14 (Phillips/Guyton) |
| PERLEY WINKLER, JR., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On October 17, 2008, the Honorable H. Bruce Guyton, United States Magistrate Judge, issued an eighteen-page Report and Recommendation ("R&R") [Doc. 28] in this matter, in which he recommended that defendant's Motion to Suppress Evidence [Doc. 15] be denied. This matter is now before the court on defendant's Objection to Report and Recommendations [Doc. 33] and the government's response thereto [Doc. 34]. As required by 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b)(3), the court has undertaken a *de novo* review of those portions of the R&R to which defendant objects. For the reasons that follow, the court agrees with Judge Guyton's thorough analysis. Accordingly, defendant's objections are **OVERRULED** and the Motion to Suppress Evidence [Doc. 15] is **DENIED**.

I.      ANALYSIS

Defendant objects to all of the following findings made by Judge Guyton: (1) that the initial entry into the defendant's residence was based on probable cause, (2) that the search warrant obtained did not violate Rule 41 of the Federal Rules of Criminal Procedure, (3) that the search warrant described the area to be searched with sufficient particularity, (4) that the search warrant

-1-

was supported by probable cause, and (5) that the search was not invalid due to the argued staleness of the search warrant.

### A. Entry Based on Probable Cause

Defendant objects to Judge Guyton's finding that the initial entry into the defendant's residence was authorized by the warrant to arrest defendant and the officers' probable cause to believe that defendant was therein. Judge Guyton found that the officers had probable cause to believe defendant was home because (1) the home was defendant's known residence,[1] (2) the officers attempted to execute the warrant after normal working hours, and (3) one of the vehicles in the driveway of the residence was registered to the defendant. Defendant disputes that these bases establish probable cause, noting that many families have multiple vehicles and none of the officers' attempts to determine whether the defendant was home (including knocking on the door and looking into windows) produced a positive result.

The court disagrees. The facts, for the reasons noted by Judge Guyton, establish probable cause to believe that the defendant was within his residence. Probable cause, however, is not equivalent to absolute certainty, a standard that the defendant appears to wish to impose in the instant case. Certainly many families have multiple vehicles, and therefore defendant's vehicle in

---

[1] In so finding, Judge Guyton noted that "[t]he Supreme Court has previously recognized that 'an arrest warrant alone will suffice to enter a suspect's own residence to effect his arrest.' *Steagald v. United States*, 451 U.S. 204, 221 (1981) (citing [*United States v.*]*Payton* , 445 U.S. [573,] 602-03 [(1980)])." The court notes, however, that the quotation is taken slightly out of context and could be read to eliminate *Payton*'s requirement that the officers have reason to believe the defendant is within the residence in order to enter and execute a search warrant. The *Steagald* decision, however, addressed the need for an officer to enter the home of a third party solely on the basis of an arrest warrant and without a search warrant for the third party residence. The Supreme Court concluded that in order to enter a third-party residence to execute an arrest warrant, an officer must obtain a search warrant for that residence. *Steagald v. United States*, 451 U.S. 204, 206, 222 (1981). The Court distinguished that an arrest warrant, without an additional search warrant, will suffice to enter the home of the subject of the arrest warrant, and in so doing stated that under *Payton*, "an arrest warrant alone will suffice to enter a suspect's *own* residence to effect his arrest." *Id.* at 221 (emphasis added). This does not, however, eliminate the requirement under *Payton* that an officer have reason to believe the suspect is within his residence, a point which the court merely wishes to reiterate here.

the driveway could not establish to a degree of absolute certainty that he was inside his residence. One could also speculate that defendant would not be home despite his car being in the driveway because he had been picked up by another person or had chosen to walk someplace else. But the requisite degree of certainty, of course, is not absolute certainty; it is probable cause. Two cars were parked outside the residence, at least one of which was registered to defendant. [Tr., Doc. 24 at 12, 34, 41]. Moreover, defendant was also known by the officers to drive this car. [*Id.* at 29, 34]. Accordingly, the court finds that a suspect's car parked outside the suspect's own residence after working hours establishes probable cause that he is inside.

Furthermore, while the officers' attempts to knock and peer through windows did not result in the defendant answering the door or even the officers simply observing the defendant moving about, again the defendant attempts to impose a requirement that officers be absolutely certain that a defendant is within before entering to execute an arrest warrant. Yet to impose such a requirement—requiring either the suspect to answer the officers' knocks or the officers to observe the suspect as they look through the windows—would prohibit the execution of search warrants every time there is probable cause to believe that the suspect is within his residence, but the suspect has successfully hidden within.

Accordingly, the court fully agrees with Judge Guyton's finding that the defendant's car in his driveway, after normal working hours when people are most likely to be home, established probable cause to believe that defendant was therein.

    **B.**    **Rule 41 of the Federal Rules of Criminal Procedure**

Defendant contends that because the search warrant ultimately obtained was signed by a state General Sessions Court judge, rather than a federal judge or a judge of a state court of record, the

-3-

Case 3:08-cr-00014-TAV-HBG   Document 35   Filed 12/04/08   Page 3 of 9   PageID #: 190

warrant was invalid under Rule 41 of the Federal Rules of Criminal Procedure. In so arguing, defendant contends that Agent Parris of the Bureau of Alcohol, Tobacco, Firearms, and Explosives rendered the search sufficiently federal in nature such that Rule 41 applied.

Rule 41 authorizes "a magistrate judge with authority in the district—or if none is reasonably available, a judge of a state court of record in the district— ... to issue a warrant in search for and seize a person or property located within the district." Fed. R. Crim. P. 41(b)(1). Rule 41 does not, however, apply to every case which may later be brought within federal jurisdiction, given the nature of investigations and the common cooperation among state and local investigatory authorities. As Judge Guyton noted, Rule 41 merely "constrains *federal* officers and *federal* investigations. Mere federal involvement is not enough [to invoke the requirements of Rule 41]; there must be significant [federal] involvement prior to the search." *United States v. Hunter*, 4 F. App'x 295, 301 (6th Cir. 2001) (emphasis added) (inner citation removed); *cf. also United States v. Morales*, 10 F. App'x 268, 269 (6th Cir. 2001) ("When federal officers are not involved in obtaining or executing a challenged search warrant, Rule 41(a) does not apply.").

Defendant objects to the involvement of Agent Steven Parris of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, arguing that his involvement was of sufficient significance to trigger Rule 41(a). The Bureau of Alcohol, Tobacco, Firearms, and Explosives is a federal bureau under the purview of the Department of Justice. *See* 28 U.S.C. § 599A(a)(1) (2006). Defendant argues that ATF Agent Parris's presence at the residence and advice to obtain a search warrant, as well as his later entry into the residence with the state officers, constituted significant involvement such that Rule 41(b) applied.

The court agrees with Judge Guyton's findings to the contrary. Based on his testimony, it

appears that ATF Agent Parris accompanied the officers solely to ensure Detective Jennifer Bledsoe's safety when she went to arrest the defendant. [Tr., Doc. 24 at 49]. ATF Agent Parris stated that he was not investigating defendant, [*id.* at 48], and that he, for the most part, passively observed because ATF agents do not serve warrants in child neglect and abuse cases, [*id.* at 50 (testifying that "[b]ecause ATF does not serve arrest warrants on child neglect and abuse cases, I laid back")]. As Judge Guyton noted, Agent Parris did not provide an affidavit underlying the search warrant, nor did he direct the search warrant's execution. [*Id.* at 50-51]. Finally, ATF Agent Parris did not undertake his investigation until nearly a week after the search, and as indicated, he did not investigate the defendant prior to or during the execution of the search warrant. [*Id.* at 51-52].

Accordingly the court finds that the search warrant issued by a state General Sessions Court judge was valid and not subject to Rule 41(b) of the Federal Rules of Criminal Procedure.

### C. **Particularity of the Search Warrant**

Defendant objects to Judge Guyton's finding that the search warrant described the premises to be searched with requisite particularity, arguing that "[n]o one can take the directions in the search warrant and arrive at this house." [Doc 33 at 4]. Detective Bledsoe testified that a decimal point was accidentally eliminated from the directions, [Tr., Doc. 24 at 14-15], specifically, the search warrant incorrectly listed the mileage for a key direction as four miles instead of 0.4 miles. If one were to follow the directions precisely as listed in the search warrant, therefore, one would not arrive at the defendant's residence.

The standard, however, in the Sixth Circuit is not whether any person could use the directions in the search warrant to locate the area to be searched. Rather, as defendant concedes,

> [i]n determining whether a warrant describes with sufficient particularity the place to be searched, [the court] consider[s]: "(1) whether the place to be searched is described with sufficient particularity as to enable *the executing officers* to locate and identify the premises with reasonable effort; and (2) whether there is reasonable probability that some other premises may be mistakenly searched."

*Knott v. Sullivan*, 418 F.3d 561, 568 (6th Cir. 2005) (emphasis added) (quoting *United States v. Gahagan*, 865 F.2d 1490, 1497 (6th Cir. 1989)). Moreover, the Sixth Circuit has held that "[t]he knowledge of ... executing officers ... is a factor which may cure any insufficiencies in the search warrant's description of the premises." *United States v. Brown*, 49 F.3d 1162, 1169 (6th Cir. 1995).

Under the facts of this case, the court agrees with Judge Guyton's finding that the search warrant sufficiently described the area to be searched. Not only did the officers have previous familiarity with the location of defendant's residence, but they had also been present at defendant's residence to execute the arrest warrant just prior to seeking the search warrant. Moreover, Detective Bledsoe testified that the direction of "four miles" was merely a typographical error due to the elimination of a decimal point; by following the intended listing of "0.4 miles" in conjunction with the other directions, one would arrive at the defendant's house. [Tr., Doc. 24 at 14-15]. Despite the typographical error in the directions for the search warrant, when coupled with the officers' personal knowledge of the defendant's residence, the search warrant "enable[d] the executing officers to locate and identify the premises." *Knott*, 418 F.3d at 568 (quotation removed). Defendant's objections are therefore overruled.

### D. Probable Cause Supporting the Search Warrant

Similarly, defendant objects that the search warrant was not supported by probable cause, as the underlying affidavit referred to facts occurring at 321 Atkins Road, whereas defendant lives at 231 Atkins Road. The search warrant itself, however, listed the address of 231 Atkins Road.

Testimony at the suppression hearing indicated that the listing of "321 Atkins Road" in the

affidavit underlying the search warrant was merely a repeated typographical error. [Tr., Doc. 24 at 24-25; 36-37]. For the reasons discussed above, the court finds defendant's objection to be without merit. As the Supreme Court has noted, "affidavits for search warrants ... must be tested and interpreted ... in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area." *United States v. Ventresca*, 380 U.S. 102, 108 (1965). The Sixth Circuit has recently affirmed the continued validity of this "commonsense and realistic" rule. *E.g.*, *United States v. Dunn*, 269 F. App'x 567, 571 (6th Cir. 2008); *United States v. Coffee*, 434 F.3d 887, 892 (6th Cir. 2006); *United States v. Sawyers*, 127 F. App'x 174, 181 (6th Cir. 2005).

Both Detective Bledsoe and Captain Morgan testified that the improper listing of "321 Atkins Road" in the affidavit underlying the search warrant was a typographical error. Applying the "commonsense and realistic rule" and ignoring these typographical errors, the court then looks to see whether the affidavit established probable cause for the search warrant to issue. The court agrees with Judge Guyton's findings that the search warrant was supported by probable cause. As Judge Guyton noted, upon executing the arrest warrant, the officers saw ammunition and marijuana in plain sight, giving rise to probable cause to search the premises. The typographical error does not negate this, as clearly the executing officers returned to the very place where they initially viewed the marijuana and ammunition in plain sight. Accordingly, defendant's objection that the search warrant was not supported by probable cause is overruled.

**E.     Staleness of the Search Warrant**

Finally, defendant objects to Judge Guyton's finding that the search warrant was not invalid

due to staleness. Defendant argues that the search warrant was issued on April 10, 2006, but was not executed until April 10, 2007, and was therefore stale. Testimony on behalf of the government, however, indicated that this was simply a typographical error, due to the judge's failure to replace a pre-filled form with the correct year. [Tr., Doc. 24 at 15-16]. The affidavit underlying the search warrant, however, was signed and dated by both the affiant and the judge as being executed on April 10, 2007.

The court agrees with Judge Guyton that the totality of the evidence establishes that the warrant was signed and executed on April 10, 2007, and therefore was not stale. Defendant's objections to this finding are therefore overruled.

In sum, defendant has argued that the search warrant, being rife with typographical errors, rendered the warrant invalid. Yet "in certain cases, [the Sixth Circuit has] ruled that a search pursuant to a warrant that contains some ambiguity or minor, typographical errors may survive Fourth Amendment scrutiny because the affiant officer's participation in the execution of the search provides sufficient assurance that the wrong location will not be searched." *Knott v. Sullivan*, 418 F.3d 561, 571 (6th Cir. 2005). While this is an exception, not a general rule, *id.*, the court finds that the instant case fits squarely into this exception.

## II.   CONCLUSION

For the foregoing reasons, the court fully agrees with Judge Guyton's thorough analysis. Accordingly, the R&R is **ACCEPTED IN WHOLE**, whereby defendant's Motion to Suppress Evidence [Doc. 15] is **DENIED.**

**IT IS SO ORDERED**.

-8-

Case 3:08-cr-00014-TAV-HBG   Document 35   Filed 12/04/08   Page 8 of 9   PageID #: 195

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge