UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PERLEY WINKLER, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos: 3:08-cr-014 |
| | ) | 3:10-cv-210 |
| UNITED STATES OF AMERICA, | ) | (VARLAN/GUYTON) |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Perley Winkler, Jr. ("petitioner"). The government has filed its response to the motion. Petitioner has also filed a motion to amend the § 2255 motion. The motion to amend [Doc. 51] will be **GRANTED** to the extent petitioner seeks to supplement his § 2255 motion with additional proof. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

**I.     Standard of Review**

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."

*United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II. Factual Background

Petitioner pleaded guilty to two counts of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1); pursuant to Fed. R. Crim. P. 11(c)(1)(C), he was sentenced to concurrent terms of imprisonment of 78 months. [Criminal Action No. 3:08-cr-14, Doc. 42, Judgment]. Petitioner stipulated to the following factual basis, in support of his guilty plea:

> On April 10, 2007, deputies from the Monro County Sheriff's Department went to the defendant's residence at 231 Atkins Road, Madisonville, Tennessee, to execute an arrest warrant. When the deputies arrived at the defendant's address, they found two cars parked in the yard of the residence. Deputies knew that the defendant drove one of the cars, a Pontiac Bonneville. The registration of both vehicles was requested and deputies found that both of the vehicles parked at the defendant's residence were registered to the defendant. By looking into the windows of the Pontiac Bonneville, the deputies saw in plain view a Remington, 410 shotgun, Model 870 Express and a Mossberg, .22 caliber rifle, Model 640KA, standing in the passenger side front floor board, leaning against the front passenger seat.

2

Deputies knocked on the door. No one answered the door. Believing the defendant was in the residence, the deputies entered the residence in an attempt to locate and arrest the defendant pursuant to the arrest warrant for the felony offense of child abuse/neglect. Deputies made a protective sweep of the house looking for the defendant. Detective Morgan saw several rounds of ammunition in a black mesh bag and a small amount of green leafy substance believed to be marijuana in a bedroom of the house. Upon seeing the ammunition and suspected marijuana, deputies exited and secured the residence to obtain a state search warrant. Detective Morgan conducted a criminal history check and determined that the defendant was a convicted felon.

Deputies executed the search warrant. Deputies found two High-Point, model C, 9 mm semi-automatic pistols, both loaded with seven rounds of Winchester brand 9 mm ammunition, under the mattress of the defendant's bed. In the same bedroom, deputies recovered the lack mesh bag of ammunition containing 56 rounds of Wolf brand 7.62x39 caliber ammunition.

In the living room of the residence, deputies found a box of Remington brand 410 shotgun shells containing 17 rounds and a bag with 27 rounds of C brand .22 caliber ammunition. In the Pontiac Bonneville, deputies found the two previously mentioned firearms and an Intra Tec, Model TEC-9, 9 mm semi-automatic machine pistol. The firearms and ammunition were not manufactured in the State of Tennessee, and, therefore, affected interstate commerce by being found in the State of Tennessee.

Defendant Winkler has previously been convicted in courts of crimes punishable by terms of imprisonment exceeding one year, namely, burglary, case number 90-515, Monroe County, 1991; possession of a weapon by a convicted felon, case number 93-032, Monroe County, 1993, and aggravated assault, case number 00-073, Monroe County, 2000.

[*Id.*, Doc. 39, Plea Agreement, pp. 3-5, ¶ 5(a)-(e)].

In support of his § 2255 motion, petitioner alleges his Fourth Amendment rights were violated when the deputies entered his home on a routine felony arrest warrant. According to petitioner, there were no exigent circumstances present to justify the warrantless entry.

**III. Discussion**

The Fourth Amendment protects individuals against warrantless searches of their homes. "In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." *Payton v. New York*, 445 U.S. 573, 590 (1980). However, Fourth Amendment claims are not cognizable on collateral review when the petitioner has previously been provided a "full and fair" opportunity to litigate the issue. *Stone v. Powell*, 428 U.S. 465, 494 (1976).

In *Stone v. Powell*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id*. The basis for that ruling is that, although "[t]he exclusionary rule was a judicially created means of effectuating the rights secured by the Fourth Amendment," *id*. at 482, "the rule is not a personal constitutional right." *Id*. at 486. *Accord, Kuhlmann v. Wilson*, 477 U.S. 436, 446 (1986); *Jennings v. Rees*, 800 F.2d 72, 75 (6th Cir. 1986).

*Stone v. Powell* involved a habeas corpus petition under 28 U.S.C. § 2254 challenging a state court conviction. Its reasoning, nevertheless, applies to cases filed by federal prisoners under 28 U.S.C. § 2255 because §§ 2254 and 2255 are counterparts of each other and the law applicable to one generally applies to the other. *Davis v. United States*, 417 U.S. 333, 343-44 (1974); *Metheny v. Hamby*, 835 F.2d 672, 673-74 (6th Cir. 1987). Thus, a "free-

4

standing Fourth Amendment claim[] cannot be raised in collateral proceedings under either § 2254 or § 2255" when the petitioner "had an opportunity for full and fair litigation of [his] claim at trial and on direct appeal." *Ray v. United States*, ___ F.3d ___, 2013 WL 3941328 at *3 (6th Cir. Aug. 1, 2013); *see also Brock v. United States*, 573 F.3d 497, 500 ("[T]he principles of *Stone* apply equally to § 2255 motions."); *United States v. Cook*, 997 F.2d 1312, 1317 (10th Cir. 1993) ("Fourth Amendment violations are not reviewable in a § 2255 motion when the federal prisoner has had a full and fair opportunity to litigate the Fourth Amendment claim at trial and present issues on direct appeal.").

Not only did the petitioner in this case have a full and fair opportunity to litigate a Fourth Amendment claim, he took advantage of that opportunity and filed a motion to suppress the evidence against him based upon an illegal search and seizure. [Criminal Action No. 3:08-cr-14, Doc. 15, Motion to Suppress Evidence]. The magistrate judge conducted a hearing on the motion to suppress [*id*., Doc. 20, Criminal Minutes; Doc. 24, Transcript of Hearing] and subsequently issued a written Report and Recommendation, in which he recommended that the motion to suppress be denied. [*Id*., Doc. 28, Report and Recommendation]. Petitioner filed his objections to the Report and Recommendation. [*Id*., Doc. 33, Objection]. The Court overruled the objections and denied the motion to suppress evidence. [*Id*., Doc. 35, Memorandum and Order].

Petitioner unsuccessfully challenged the search of his home by way of a motion to suppress filed in the trial court. He cannot relitigate that issue in a § 2255 proceeding. In addition, because he entered an unconditional guilty plea, petitioner waived any right to raise

5

a Fourth Amendment claim in a § 2255 proceeding. *See, e.g., United States v. Turner*, 272 F.3d 380, 389 (6th Cir. 2001) (an "unconditional guilty plea waives all nonjurisdictional defenses" to a conviction).

**IV.     Conclusion**

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE